T.C. Memo. 1996-64


UNITED STATES TAX COURT


GAYLON L. HARRELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7339-95.          Filed February 20, 1996.


Gaylon L. Harrell, pro se.

<u>John W. Duncan</u>, for respondent.


MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40.[1]

---

[1]Unless otherwise specified, all section references are to the Internal Revenue Code for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner resided in Latham, Illinois, at the time the Petition in this case was filed.

Respondent's Notice of Deficiency

On February 9, 1995, respondent mailed to petitioner a notice of deficiency in which she determined the following deficiencies and additions to petitioner's Federal income taxes:

Petitioner, Gaylon L. Harrell

| Taxable | | Additions to Tax | | |
|---|---|---|---|---|
| Year Ended | Deficiency | Sec. 6651(a)(1) | Sec. 6651(f) | Sec. 6654(a) |
| 1991 | $3,436 | $859 | -- | $113 |
| 1992 | 3,293 | 823 | -- | 79 |
| 1993 | 6,374 | -- | $2,868[1] | 269 |

[1]This is the amount shown in respondent's notice of deficiency except on schedule 2 of the notice which shows this addition to tax to be $3,576. We have no explanation for the discrepancy.

The deficiencies in Federal income tax asserted by respondent are based on the determination that petitioner received compensation from the Minneapolis Postal Data Center and taxable pension distributions from "Caterpillar NCP Trust" during each of the years 1991, 1992, and 1993, no part of which was reported on a tax return due for each of the respective years. The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file timely a tax return for 1991 and 1992 was without reasonable cause. The addition to tax under section 6651(f) for the year 1993 is based upon respondent's determination that petitioner fraudulently failed to file a tax return for the year 1993. The additions to tax under section 6654 are based on respondent's

determination that petitioner underpaid his estimated income tax for the years 1991, 1992, and 1993.

The Petition and Respondent's Motion To Dismiss

On May 11, 1995, this Court received and filed petitioner's petition. On June 13, 1995, petitioner filed an Amended Petition. On July 25, 1995, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 40. Petitioner did not file a notice of objection.

By Order dated July 27, 1995, this Court directed petitioner to file a Second Amended Petition on or before August 30, 1995, stating specific allegations of error in the notice of deficiency and a separate statement of facts on which petitioner bases the assignment of each error. In addition, this Court set a hearing for respondent's motion on October 2, 1995. The Court filed petitioner's second amended petition on September 1, 1995, and a hearing was held in accordance with the Order.

Respondent asserts that this case should be dismissed for failure to state a claim because petitioner failed to allege in the petition and the amended petition any justiciable error, and merely asserts frivolous protester-type arguments. Petitioner's primary argument, as best we can discern, is that although "Petitioner did in fact receive payment for services" in the years at issue, the payments were traded for labor of equal value from which there can be no taxable gain.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. The Court may dismiss a petition when it appears beyond doubt that the petitioner can prove no set of facts in support of his claim that would entitle him to relief.

Under Rule 34(b)(4) and (5), a petition must contain "Clear and concise assignments of each and every error which petitioner alleges to have been committed by the Commissioner in the determination of the deficiency" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Moreover, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

In general, determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The petition and amended petitions filed in this case do not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of any error, nor any allegation of fact in support of a justiciable claim. Instead, there is nothing in petitioner's filings but tax protester rhetoric, unsupported

assertions, and legalistic gibberish.  Further, petitioners did not file a proper second amended petition as directed by the Court in its order dated July 27, 1995.

It would be wasteful to further elaborate on or evaluate petitioner's contentions in this opinion.  "[T]o do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984), affg. per curiam an unreported Order of this Court.  Petitioner is referred to respondent's motion to dismiss for citations to cases which have already adequately addressed petitioner's contentions.

Petitioner has failed to state a claim upon which relief can be granted.  Accordingly, so much of respondent's motion as moves to dismiss with respect to the amount of the deficiencies and additions under sections 6651(a) and 6654 should be granted.  See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984).

We note that respondent has determined an addition to tax for fraudulent failure to file an income tax return for the year 1993 and in her motion requests that the Court find that there is due from petitioner an addition to tax under section 6651(f).[2] Rule 34(b)(5) relieves petitioner from reciting facts underlying

---

[2]Sec. 7741(a) of the Omnibus Budget Reconciliation Act of 1989 (OBRA), Pub. L. 101-239, 103 Stat. 2106, 2404-2405, added subsec. (f) to sec. 6651 effective in cases of failure to file returns the due date for which (determined without regard to extensions) is after December 31, 1989.

assignments of error as to which the burden is on respondent. In the petition, all additions to tax are disputed.

When determining whether a failure to file is fraudulent under section 6651(f), we must consider the same elements as are considered in imposing the addition to tax for fraud under former section 6653(b)(1) and the present section 6663. Clayton v. Commissioner, 102 T.C. 632, 653 (1994).

But respondent has yet to file an Answer in this case and make affirmative allegations in support of her determination as to the addition to tax for fraudulent failure to file, and petitioner has not had the opportunity to reply to them. Therefore, it would be inappropriate to enter a decision for the section 6651(f) addition. Brock v, Commissioner, 92 T.C. 1127, 1131-1132 (1989); Caplette v. Commissioner, T.C. Memo. 1993-46.

It would also be inappropriate to leave open for trial the frivolous issues raised by petitioner in regard to the determination of deficiencies and additions to tax other than under section 6651(f). We shall therefore treat respondent's motion to dismiss as a motion for partial judgment on the pleadings. See Caplette v. Commissioner, supra. We find, therefore, that petitioner is liable for the deficiencies in Federal income tax and additions to tax under sections 6651(a)(1) and 6654, as determined in the notice of deficiency.

We would ordinarily caution petitioner that his continuing advancement of frivolous and groundless protester allegations might subject him to a penalty under the provisions of section 6673. Petitioner, however, has already received and ignored such a warning. Petitioner is interested only in using the Federal courts to propound his misguided views on the Federal income tax system, not in disputing the merits of either the deficiencies in tax or the additions to tax determined by respondent. See Harrell v. United States, 13 F.3d 232, 235 (7th Cir. 1993) ("Harrell's challenge to the tax assessment is frivolous"); Harrell v. Commissioner, T.C. Memo. 1994-406 (petitioner's argument declared frivolous and sanctions imposed under section 6673), affd. without published opinion 72 F.3d 132 (7th Cir. 1995). Petitioner should nevertheless note that in view of his past actions, his persistent assertion in this case of frivolous and groundless arguments is likely to result in section 6673 sanctions larger than those previously imposed upon him.

An appropriate order will be issued, and this case will be restored to the general docket.